```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   NORTHERN DIVISION
```

**LA'DALE HARRIS, # 575517**                                             **PLAINTIFF**

**VERSUS**                         **CIVIL ACTION NO. 3:16cv870-TSL-RHW**

**LIEUTENANT MICHAEL SISTRUNK,**
**OFFICER ADAM WADE, TRANSPORT**
**OFFICER DUCK DOE, CHIEF OF**
**SECURITY LISA DOE, and SHERIFF**
**DEPARTMENT OF LEAKE COUNTY JAIL**                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the court sua sponte. Pro se plaintiff La'Dale Harris is incarcerated with the Wisconsin Department of Corrections. He challenges the conditions of his prior confinement at the Leake County Jail, in Carthage, Mississippi. The court has considered and liberally construed the pleadings. As set forth below, defendants Transport Officer Duck Doe, Chief of Security Lisa Doe, and "Sheriff Department of Leake County Jail" are dismissed. (Compl. at 1).

### BACKGROUND

Harris claims that he was attacked by two State inmates, while he was housed at the Leake County Jail. According to Harris, Defendant Officer Adam Wade was supposed to be watching the security cameras at the time, but he had abandoned his post. Harris disavows any prior knowledge by Wade that the alleged attack would take place, but Harris contends that Wade was negligent and acted in retaliation for a prior lawsuit. As a

result, Harris was allegedly punched and kicked multiple times and received a laceration above his right eye, a compression fracture to his back, and injuries to his face, left hip, and upper left leg.

Harris was subsequently transported to the hospital by defendant Transport Officer Duck Doe.  Harris contends that the doctor prescribed more inpatient treatment, but defendant Lieutenant Michael Sistrunk ordered that plaintiff be transported back to the jail instead.  According to Harris, Sistrunk then placed him in a holding cell with no mattress for three days, despite the fact that his back was injured.  Harris was given ibuprofen at the jail.  It is not clear if he is alleging that he was not given the pain medicine prescribed by the doctor.

Harris filed this Complaint, invoking 42 U.S.C. § 1983 and state law.  He alleges a denial of medical treatment against Sistrunk and Duck and asserts a failure to protect, negligence, and retaliation against Wade.  Besides these defendants, Harris also sues Chief of Security Lisa Doe and the "Sheriff Department of Leake County Jail."  Chief Lisa is sued because she allegedly violated Equal Protection when she would not let Harris press criminal charges against the two inmates who beat him.  Harris has subsequently moved to dismiss Duck.  Harris seeks declaratory relief and compensatory damages.

**DISCUSSION**

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding in forma pauperis in this court. The statute provides in pertinent part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. The court has permitted Harris to proceed in forma pauperis in this action. His Complaint is subject to sua sponte dismissal under § 1915.

Among others, Harris sues Duck, Chief Lisa, and the

Sheriff's Department and Jail.

OFFICER DUCK

On February 13, 2017, Harris clarified that he is voluntarily dismissing Officer Duck.  This defendant is therefore dismissed without prejudice.

CHIEF LISA

Harris accuses Chief Lisa of "violat[ing] my equal protection rights by . . . depriving me of my constitutional right to commence charges as I[']ve constantly reported to her that I want to pursue charges.  On [sic] the two inmates." (Resp. at 2).

First, to state an equal protection claim, a plaintiff must allege (1) he was intentionally discriminated against because of his membership in a protected class, or (2) he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Gibson v. Tex. Dep't of Ins., 700 F.3d 227, 238 (5th Cir. 2012). Harris does not allege that he was treated differently because of his membership in a protected class, and he does not identify anyone else who was allowed to file criminal charges against fellow inmates.

Second, Harris does not have a constitutional right to institute criminal proceedings.  Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).  The allegations against Chief Lisa are

4

frivolous and fail to state a claim upon which relief could be granted.

S<small>HERIFF</small>'<small>S</small> D<small>EPARTMENT AND</small> J<small>AIL</small>

Finally, Harris sues the Sheriff Department of Leake County Jail. Both the jail and Sheriff's Department's capacities to be sued are determined by Mississippi law. Fed. R. Civ. P. 17(b)(3). In Mississippi, a county jail and a Sheriff's Department are not separate legal entities which may be sued, rather they are extensions of the county. <u>Tuesno v. Jackson</u>, No. 5:08cv302-DCB-JMR, 2009 U.S. Dist. LEXIS 61416 at *2-3 (S.D. Miss. Apr. 30, 2009); <u>Brown v. Thompson</u>, 927 So. 2d 733, 737 (¶12) (Miss. 2006). Therefore, the Sheriff's Department and Leake County Jail are dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, defendant Transport Officer Duck Doe should be, and is hereby, **DISMISSED WITHOUT PREJUDICE**, pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS FURTHER ORDERED AND ADJUDGED** that the claims against defendant Chief of Security Lisa Doe are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief could be granted. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that defendant Sheriff Department of Leake County Jail is **DISMISSED WITHOUT PREJUDICE.**

The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 16th day of February, 2017.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE